UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OMAR RIVERA,

      Plaintiff,

  v.

U.S. CITIZENSHIP & IMMIGRATION SERVICES,

      Defendant.

13 Civ. 1044

**OPINION**

---

  Omar Rivera petitions the court for review of the denial of his application for naturalization and a *de novo* hearing on his application. His complaint alleges that he is legally entitled to naturalization.

  The Government moves for summary judgment, contending that Rivera is statutorily barred from naturalization because he cannot prove good moral character. The motion is granted.

## The Facts

  Rivera, a native and citizen of Panama, was admitted to the United States as a permanent resident in March 1991. In his application for permanent-resident status, he indicated that he had never been arrested.

  On December 14, 1995, Rivera filed an application for naturalization. On the application for citizenship, Rivera again indicated he had never been

arrested. During his naturalization interview, Rivera affirmed under oath that he had not been arrested. At the conclusion of the interview, the examiner granted conditional approval of Rivera's application, pending fingerprinting and a criminal history investigation.

On November 12, 1996, immigration investigators discovered that Rivera had been arrested by U.S. federal agents in Panama in 1988. The arrest was part of an undercover operation that resulted in the seizure of five kilograms of cocaine. As a result of this discovery, immigration officials voided Rivera's conditional approval for naturalization. But neither the results of the investigation nor the revocation were disclosed to Rivera, despite his inquiries. His application for naturalization remained pending.

On April 30, 1998, Rivera was indicted in federal court in Alabama for conspiracy to distribute ten kilograms of cocaine. In June 1999, Rivera pleaded guilty to the offense of misprision of a felony, admitting that he received money from members of a cocaine conspiracy and concealed the conspiracy. He was sentenced to two years of imprisonment. Upon his release on October 16, 2000, he was taken into custody by immigration authorities for removal proceedings based on the 1999 conviction. These proceedings were terminated on October 31, 2000, and no order of removal was entered.

Rivera was arrested again on May 28, 2004, and charged with conspiracy to distribute cocaine in violation of federal law. He pleaded guilty on October

21, 2005, and in January 2006, he was sentenced to 120 months of imprisonment. Rivera is currently serving this sentence.

In February 2011, Rivera filed suit to compel the United States Citizenship and Immigration Services ("USCIS") to issue a decision on his still-pending naturalization application. The court, Judge Scheindlin, presiding, ordered the agency to issue a decision. On November 8, 2011, USCIS denied Rivera's application. The agency determined that Rivera failed to establish the statutorily required good character because of his 2006 conviction for drug trafficking. The agency also based the denial on Rivera's prison sentences for the 1999 and 2006 convictions, each of which exceeded 180 days, thereby making him ineligible for citizenship.

Rivera appealed this denial within the agency, claiming that USCIS was negligent in processing his application. He argued that if the application had been expeditiously approved, his later convictions would not be relevant to his good moral character for purposes of naturalization. On January 3, 2013, the agency affirmed its denial of his application.

Rivera then filed this suit in this court, seeking *de novo* review of the agency's decision. He claims that the agency's denial was arbitrary and capricious and that his 1999 and 2006 criminal convictions are only relevant because of the agency's delay in processing his application. He also alleges that the two convictions are not relevant to his good moral character because

3

his naturalization application had already received conditional approval before he was convicted.

## Discussion

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  It is the moving party's burden to show that no genuine factual dispute exists.  Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994).  In dealing with a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences in the non-moving party's favor.  See Giannullo v. City of N.Y., 322 F.3d 139, 140 (2d Cir. 2003).  Where the non-moving party fails to respond to a summary judgment motion, the district court must nonetheless examine the moving party's submissions and evidence to determine if it has met its burden. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

Congress vested the Attorney General with "sole authority to naturalize persons as citizens of the United States," 8 U.S.C. § 1421(a), and the Attorney General in turn delegated that authority to USCIS.  If USCIS denies an application for naturalization, an applicant may seek judicial review in a United States district court.  8 U.S.C. § 1421(c).  Because an applicant is entitled to *de novo* review, the district court is not limited to the administrative record; the

court may also rely on facts established in the district court.  Chan v. Gantner, 464 F.3d 289, 291 (2d Cir. 2006).

The applicant bears the burden of establishing that he is entitled to naturalization.  Berenyi v. Dist. Dir., Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967).  He must affirmatively show that he has met all statutory requirements for becoming a naturalized citizen.  Id.  When an applicant fails to do so, summary judgment for the Government may be appropriate.  Chan, 464 F.3d at 295–96.

No person may become a naturalized citizen unless he was lawfully admitted for permanent residence, satisfies certain residency requirements, and proves that he "has been and still is a person of good moral character." 8 U.S.C. § 1427(a).  The immigration statute sets out a nonexclusive list of factors that preclude an applicant from showing good moral character. 8 U.S.C. § 1101(f).  The applicant must prove his good character for the five-year period preceding his naturalization application.  But proof of good character is also a continuing obligation, "up to the time of admission to citizenship."  8 U.S.C. § 1427(a); 8 C.F.R. § 316.10(a)(1).

Here, Rivera was required to prove his good character from December 14, 1990—five years prior to his December 14, 1995, application—through the time he would be admitted.

But an applicant is precluded from establishing good moral character if he has been convicted of an aggravated felony, regardless of when the

conviction occurred.  8 U.S.C. § 1101(f)(8); see also Boatswain v. Gonzales, 414 F.3d 413, 418 (2d Cir. 2005).  The term "aggravated felony" as used in § 1101(f)(8) includes drug-trafficking offenses.  8 U.S.C. § 1101(a)(43)(B).  Attempt and conspiracy offenses also constitute aggravated felonies if the underlying offense is within the statute.  Chan, 464 F.3d at 293 (citing 8 U.S.C. § 1101(a)(43)(U)).  Here, there is no dispute that Rivera's 2006 conviction for conspiracy to distribute cocaine is an aggravated felony that precludes him from proving good moral character.

Additionally, any person convicted of a controlled-substance offense, subject to certain exceptions not relevant here, is inadmissible under 8 U.S.C. § 1182(a)(2)(A), and thus not eligible for naturalization if the offense occurred in the relevant time period, which starts five years before the naturalization application.  8 U.S.C. § 1101(f)(3).  Again, Rivera's 2006 conviction for conspiracy to possess cocaine renders him ineligible for naturalization because he cannot prove good character.  The conviction occurred during the relevant period because Rivera's application for admission was still pending in 2006.

An applicant is also precluded from establishing good moral character if, during the relevant statutory period, he has been incarcerated for 180 days or more as a result of a criminal conviction.  8 U.S.C. § 1101(f)(7).  As the agency correctly found, Rivera cannot prove good moral character because he served more than 180 days in prison as a result of each of his two prior criminal

convictions. Rivera was sentenced to two years of prison for his 1999 conviction and 10 years of prison for his 2006 conviction.

Finally, an applicant is not eligible for citizenship if he procured his permanent resident status by fraud. See 8 U.S.C. § 1427(a); Fedorenko v. United States, 449 U.S. 490, 515–16 (1981). Additionally, a person who has given false testimony for the purpose of obtaining an immigration benefit is barred from establishing good moral character. See 8 U.S.C. § 1101(f)(6).

Rivera is ineligible because he did not disclose his 1988 arrest to immigration officials in his applications for permanent-resident status and naturalization. Moreover, while testifying under oath at his naturalization interview, he told the immigration officer that he had never been arrested. These material misrepresentations render him ineligible for naturalization.

## Conclusion

USCIS did not err in denying Rivera's application for naturalization because he is unable to prove his good moral character, as required by the immigration statute. He is thus ineligible for naturalization as a matter of law.

The Government's motion for summary judgment is granted. This opinion resolves the motion listed as document number 12 in case 13 Civ. 1044.

So ordered.

Dated:  New York, New York
        March 10, 2014

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/14

8

Mailed from Chambers to:

Omar Rivera
59096-004
FCI -Otisville
P.O. Box 1000
Otisville, NY 10963-1000